```
 1  THOMAS P. O'BRIEN
    United States Attorney
 2  CHRISTINE C. EWELL
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEVEN R. WELK
 4  Assistant United States Attorney
    Chief, Asset Forfeiture Section
 5  California Bar Number: 149883
    United States Attorney's Office
 6     U. S. Courthouse, Suite 1400
       312 North Spring Street
 7     Los Angeles, California  90012
       Telephone:  (213) 894-6166
 8     Facsimile:  (213) 894-7177

 9
    Attorneys for Plaintiff
10  United States of America
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | NO. CV 02-33 RSWL |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **CONSENT JUDGMENT** |
| $596,010.00 in U.S. Currency, | ) | |
| Defendant. | ) | |
| SAMUEL J. DeANGELO, TAD DUKE, SEAN FIPPS, | ) | |
| Claimants. | ) | |

By a series of orders, this Court agreed to stay this civil forfeiture action pursuant to 18 U.S.C. § 981(g) on the ground that claimant Samuel J. DeAngelo was the subject of an ongoing criminal investigation and prosecution. The criminal prosecution

has concluded and the parties have reached an agreement that they believe will be dispositive of this action. By this filing, plaintiff United States and claimants Samuel J. DeAngelo, Tad Duke and Sean Fipps, by their undersigned counsel, request that the court enter this proposed consent judgment.

This action was filed on January 2, 2002. Notice was given and published in accordance with law. Samuel J. DeAngelo ("DeAngelo") filed a claim and an answer on March 18, 2002. Claimants Tad Duke ("Duke") and Sean Fipps ("Fipps") filed a claim on March 29, 2005. No other claims or answers have been filed, and the time for filing statements and answers has expired.

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

1.   This court has jurisdiction over the parties and the subject matter of this action.

2.   Notice of this action has been given in accordance with law. All potential claimants to the defendant currency other than claimants DeAngelo, Duke and Fipps are deemed to have admitted the allegations of the Complaint. The allegations set out in the Complaint are sufficient to establish a basis for forfeiture.

3.   Except as otherwise provided below, the defendant res, together with all interest earned thereon by the government since seizure (hereafter, the "total res"), shall be distributed pursuant to the judgment expected by the parties to be entered in the California Superior Court action entitled *Fipps, etc., et al.*

*v. Western Tax Services, Inc., et al.*, Case No. 03CC04830 (Orange County) (the "state court action").

4.  The judgment in the state court action is expected to provide for the distribution of the defendant res according to the Plan of Distribution attached hereto as exhibit 1 (the "Plan"). The Plan provides, among other things, that to the extent some portion of the total res is not distributed pursuant thereto, such portion (the "excess") shall be forfeited to the United States. In the event of excess, such monies shall be paid and deemed forfeited to the United States pursuant to this Judgment, and no other right, title or interest shall exist therein. No further order of this court shall be necessary to effect the forfeiture of such monies. The Plan also provides that counsel for the class will request no more than one-third of the total settlement funds as attorney fees.

5.  If, for any reason, the Plan is not put into effect and distributions made thereunder, the total res shall be returned to the United States in its entirety, and the parties will file a joint motion to vacate this consent judgment. The action will then proceed according to federal forfeiture law.

6.  If the total res is distributed as provided in paragraphs 3 and 4, above, claimants have agreed to release the United States of America, its agencies, agents, and officers, including employees and agents of the Internal Revenue Service, from any and all claims, actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorneys' fees, costs or interest which may be asserted on

1  behalf of the claimants.  Claimant D'Angelo agrees to release
2  claimants Fipps and Duke to the same extent as the government.
3       7.   The Court finds that there was reasonable cause for the
4  seizure of the defendant and institution of these proceedings.
5  This judgment shall be construed as a certificate of reasonable
6  cause pursuant to 28 U.S.C. § 2465.  The Court shall retain
7  jurisdiction over the defendant and the parties to this action
8  for the purpose of enforcing the terms of this Judgment.
9  DATED: September 24, 2008

                              *RONALD S.W. LEW*
                              THE HONORABLE RONALD S.W. LEW
                              UNITED STATES DISTRICT JUDGE

**Approved as to form and content:**

DATED: July ___, 2008
                              THOMAS P. O'BRIEN
                              United States Attorney
                              CHRISTINE C. EWELL
                              Assistant United States Attorney
                              Chief, Criminal Division

                              _____
                              STEVEN R. WELK
                              Assistant United States Attorney
                              Chief, Asset Forfeiture Section

DATED: July ___, 2008
                              LANZA & GOOLSBY

                              _____
                              ANTHONY L. LANZA
                              Attorney for Claimants Tad Duke and Sean Fipps

DATED: July ___, 2008

                              _____
                              PAUL W. RAYMOND
                              Attorney for Claimant Samuel J. DeAngelo